THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
BAYRON T. GILCHRIST (Cal. State Bar No.: 212393)
Assistant United States Attorney
Environmental Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3152
    Facsimile: (213) 894-6436
    E-mail: bayron.gilchrist@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09-354-VBF |
| | ) | |
| Plaintiff, | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | JNE TRUCKING COMPANY, INC. |
| v. | ) | |
| | ) | |
| JNE TRUCKING COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

    1.  This constitutes the plea agreement between JNE TRUCKING COMPANY, INC. ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

    2.  The parties expressly agree that this Agreement is entered into and is to be controlled by Federal Rule of Criminal

Procedure 11(c)(1)(C).  The USAO and defendant understand and agree that: (a) if the Court accepts this Agreement, the parties are bound by the terms of the Agreement; and (b) if the Court does not accept this Agreement; any party may withdraw from the Agreement and defendant may withdraw its plea of guilty.  The parties request that the Court accept this Agreement at the time of the entry of the guilty plea.

## CORPORATE AUTHORIZATION

3.  Defendant represents that it is authorized to enter into this Agreement.  On or before the date of entry of the Plea Agreement, defendant shall provide to the United States and the Court a written statement in the form of notarized legal documents certifying that defendant corporation is authorized to enter into and comply with all of the provisions of this Plea Agreement.  The resolutions further shall certify that a corporate representative is authorized to take these actions, and that all corporate formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

4.  This Agreement shall bind defendant, its successor corporation if any, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest").  Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the Central District of California with immediate notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this Agreement.  No change in name,

1  change in corporate or individual control, business

2  reorganization, change in ownership, merger, change of legal

3  status, sale or purchase of assets, or similar action shall

4  alter defendant's responsibilities under this Agreement.

5  Defendant shall not engage in any action to seek to avoid the

6  obligations and conditions set forth in this Agreement.

7                        NATURE OF THE OFFENSE

8       5.   The parties stipulate and agree that under well-

9  established principles of corporate liability and <u>respondeat</u>

10 <u>superior</u>, as these principles apply in this case, defendant is

11 liable for the actions of its agents and employees.  <u>New York</u>

12 <u>Central and Hudson River R.R. v. United States</u>, 212 U.S. 481,

13 495 (1909); <u>United States v. Beusch</u>, 596 F.2d 871 (9th Cir.

14 1979); <u>United States v. Hilton Hotels Corporation</u>, 467 F.2d

15 1004-1007 (9th Cir. 1972).

16      6.   In order for defendant, by and through the actions of

17 its agents and/or employees, to be guilty of the information,

18 which charges a violation of Title 18, United States Code,

19 Section 1001, the following must be true:

20      (1) Defendant made a false statement in a matter within the

21           jurisdiction of the Department of Transportation;

22      (2) Defendant acted willfully, that is deliberately, and

23           with knowledge that the statement was untrue; and

24      (3) The statement was material to the Department of

25           Transportation's activities or decisions.

26 Defendant admits that defendant is, in fact, guilty of this

27 offense as described in count one of the indictment.

28

PENALTIES

7.   The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1001 by a corporate defendant is: a five year term of probation, pursuant to 18 U.S.C. § 3561(c)(1); a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), or twice the gross pecuniary gain derived from the crime or twice the gross pecuniary loss caused to the victims of the crime, pursuant to 18 U.S.C. § 3571(d), whichever is greatest; and a mandatory special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

SUSPENSION/REVOCATION/DEBARMENT

8.   Defendant understands that if defendant holds any regulatory licenses or permits, the convictions in this case may result in the suspension or revocation of those licenses and permits.  By this Agreement, the USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the United States or with any office, agency, or department thereof.  Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies.

FACTUAL BASIS

9.   Defendant and the USAO agree and stipulate to the statement of facts provided below.  It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate

1  to that conduct.

2      On or about May 12, 2008, the Department of Transportation

3  ("DOT") asked Jaime Meras ("Meras"), who was acting in his role

4  as defendant's president, to see the shipping paper associated

5  with container MSKU3952999, which contained hazardous materials.

6      On or about May 13, 2008, Meras, despite knowing that

7  defendant had illegally transported the hazardous materials

8  inside container MSKU3952999 without a proper shipping paper,

9  and that there was no legitimate shipping paper for container

10  MSKU3952999, emailed a reproduced, altered bill of lading (that

11  would qualify as a shipping paper) from another shipment to the

12  DOT.  Meras attempted to pass that altered bill of lading off as

13  a legitimate bill of lading for container MSKU3952999, to

14  prevent the DOT from learning that defendant had illegally

15  shipped the hazardous materials inside container MSKU3952999.

16      On or about May 14, 2008, in a matter within the DOT's

17  jurisdiction, a DOT inspector asked Meras about the bill of

18  lading for container MSKU3952999 that Meras had sent to the DOT

19  the previous day.  The DOT inspector inquired whether

20  defendant's driver had that bill of lading (that would have

21  served as a shipping paper) for container MSKU3952999 when

22  defendant's driver transported container MSKU3952999.

23      In response, on or about May 14, 2008, Meras sent an email

24  to the DOT inspector.  In that email, Meras falsely stated and

25  represented that defendant's driver had a copy of the bill of

26  lading in his possession during the transportation of container

27  MSKU3952999.  When defendant, by and through the actions of

28  Meras, made this false statement it was well aware that

1  defendant's driver did not have a copy of the shipping paper in

2  his possession during defendant's transportation of hazardous

3  materials.   In fact, Meras had instructed defendant's driver to

4  deliver container MSKU3952999, despite Meras's knowledge that

5  container MSKU3952999 contained hazardous materials, and that

6  defendant's driver did not have the proper documentation to ship

7  hazardous materials.   This false statement and representation

8  was material to the DOT because it could have affected the DOT's

9  decisions or activities.

10                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11      10.   By pleading guilty, defendant gives up the following

12  rights:

13          a)  The right to persist in a plea of not guilty.

14          b)  The right to a speedy and public trial by jury.

15          c)  The right to the assistance of legal counsel at

16  trial, including the right to have the Court appoint counsel for

17  defendant for the purpose of representation at trial.   (In this

18  regard, defendant understands that, despite its plea of guilty,

19  defendant retains the right to be represented by counsel -- and,

20  if necessary, to have the court appoint counsel if defendant

21  cannot afford counsel -- at every other stage of the

22  proceeding.)

23          d)  The right to be presumed innocent and to have the

24  burden of proof placed on the government to prove defendant

25  guilty beyond a reasonable doubt.

26          e)  The right to confront and cross-examine witnesses

27  against defendant.

28          f)  The right, if defendant wished, to testify on

1  defendant's own behalf and present evidence in opposition to the
2  charges, including the right to call witnesses and to subpoena
3  those witnesses to testify.

4      By pleading guilty, defendant also gives up any and all
5  rights to pursue any affirmative defenses, Fourth Amendment or
6  Fifth Amendment claims, and other pretrial motions that have
7  been filed or could be filed.

8                  APPLICABILITY OF SENTENCING GUIDELINES

9      11.  Defendant understands that the Court is required to
10  consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
11  including the kinds of sentence and sentencing range established
12  under the United States Sentencing Guidelines ("U.S.S.G." or
13  "Sentencing Guidelines"), in determining defendant's sentence.
14  Defendant further understands that the Sentencing Guidelines are
15  advisory only, and that after considering the Sentencing
16  Guidelines and the other § 3553(a) factors, the Court may be
17  free to exercise its discretion to impose any reasonable
18  sentence up to the maximum set by statute for the crime of
19  conviction.

20      12.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of
21  Criminal Procedure, the parties stipulate and agree that the
22  specific sentence set forth in paragraphs 15 through 17 below is
23  the appropriate disposition of the case against the corporate
24  defendant.

25      13.  Accordingly, and pursuant to Federal Rule of Criminal
26  Procedure 32(b)(1)(A), the parties request that the Court waive
27  the preparation of a presentence report in this matter.  The
28  parties further request that the Court sentence defendant at the

time the guilty plea to count one of the Indictment is entered.

14.   In the event that the Court defers acceptance or rejection of this specified sentence plea until it has reviewed the presentence report in this case, pursuant to Federal Rule of Criminal Procedure 11(c)(3)(A), both defendant and the USAO are free to: (a) supplement the facts stipulated to in this Agreement by supplying relevant information to the United States Probation Office and the Court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

<u>SENTENCING AGREEMENT</u>

15.   Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the USAO and defendant agree that a criminal fine of $100,000 is appropriate.  Defendant agrees to pay the $100,000 fine over a five-year period of probation, by paying at least $20,000 each year.  Defendant may choose to pay off the $100,000 fine earlier than five years, but agrees to pay at least $20,000 per year beginning this year (2009).

16.   Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, defendant shall be sentenced to a term of probation of five years, and a $100,000 fine, based upon the following factors set forth in 18 U.S.C. § 3553(a): the nature and circumstances of the offense and the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.  During this period of probation, defendant

1    agrees to comply with those terms and conditions of probation

2    imposed by the Court, including that defendant violate no local,

3    state, or federal law.

4        17.   Defendant agrees to pay to the Clerk of the Court for

5    the United States District Court for the Central District of

6    California on the date of sentencing (or as soon as the Court is

7    able to accept the payment) the mandatory special assessment of

8    $400, pursuant to 18 U.S.C. § 3013(a)(2)(B).

9                          DEFENDANT'S OBLIGATIONS

10       18.   Defendant agrees that it will:

11            a) Plead guilty as set forth in this agreement.

12            b) Not knowingly and willfully fail to abide by all

13   sentencing stipulations contained in this agreement.

14            c) Not knowingly and willfully fail to: (i) appear for

15   all court appearances, (ii) surrender as ordered for service of

16   sentence, (iii) obey all conditions of any bond, and (iv) obey

17   any other ongoing court order in this matter.

18            d) Not commit any crime; however, offenses which would

19   be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c)

20   are not within the scope of this agreement.

21            e) Not knowingly and willfully fail to be truthful at

22   all times with Pretrial Services, the U.S. Probation Office, and

23   the Court.

24                        THE USAO'S OBLIGATIONS

25       19.   If defendant complies fully with all defendant's

26   obligations under this agreement, the USAO agrees:

27            a)    To abide by all sentencing stipulations contained

28   in this agreement.

b)   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of other federal law arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 9 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.   Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

20.   There is no agreement as to defendant's compliance history or compliance history calculations.

<u>BREACH OF AGREEMENT</u>

21.   If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached.   If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

<u>LIMITED MUTUAL WAIVER OF APPEAL</u>

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the

statutory maximum specified above and is constitutional, and (b) the Court imposes a fine of $100,000 or less. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of probation imposed by the Court.

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a fine of $100,000 or more.

COURT NOT A PARTY

25. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27.   The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by an authorized representative of defendant and an Assistant United States Attorney.


AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_____          _7/2/09_____
BAYRON T. GILCHRIST                 Date
Assistant United States Attorney


As an authorized representative of defendant JNE TRUCKING COMPANY, INC. ("defendant"), I have read this Agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to me or defendant other than those contained in this Agreement. No one has threatened or forced me or defendant in any way to enter

07/01/2009 16:32 8188818114 Case 2:09-cr-00354-VBF Document 18 Filed 07/02/09 Page 14 of 15 Page ID #:42 PAGE 02
Jul 01 2009 2:13PM JNE 201452-5630 page 2

06/25/2009 08:46 8188818114 PAGE 15

1    into this Agreement. Finally, I am satisfied with the

2    representation provided by defendant's attorney in this matter.

3

      Authorized Representative          2-1-09
4     of Defendant JNE TRUCKING          Date
      COMPANY, INC.
5

6         I am the attorney for defendant JNE TRUCKING COMPANY, INC.

7    ("defendant"). I have carefully discussed every part of this

8    Agreement with the authorized representative of defendant.

9    Further, I have fully advised the authorized representative of

10   defendant's rights, of possible defenses, of the sentencing

11   factors set forth in 18 U.S.C. § 3553(a), of the Sentencing

12   Guidelines' provisions, and of the consequences of entering into

13   this Agreement. To my knowledge, the decision of defendant and

14   its authorized representatives to enter into this Agreement is

15   an informed and voluntary one.

16

      KEVIN AVERY                        7/1/09
17    Counsel for Defendant              Date
      JNE TRUCKING COMPANY, INC.
18

19

20

21

22

23

24

25

26

27

28

                              14

<u>CERTIFICATE OF SERVICE</u>

I, **LIEN NGO,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT JNE TRUCKING COMPANY, INC.**

service was:

[] Placed in a closed                    [XX] Placed in a sealed
envelope, for collection         envelope for collection and
and interoffice delivery         mailing via United States Mail,
addressed as follows:               addressed as follows:

[] By hand delivery                    [] By facsimile as follows:
addressed as follows:

[] By messenger as follows:    [] By federal express as follows:

**Kevin S. Avery, Esq.**
**6047 Tampa Ave., Ste. 205**
**Tarzana, CA 91356**

This Certificate is executed on **July 2, 2009,** at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

_____
LIEN NGO